UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-365-GCM
(3:01-cr-16-GCM-1)

| | |
|---|---|
| TYE LANFORD SARRATT, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | ORDER |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and in light of Petitioner's Supplemental Memorandum, (Doc. No. 10), in which Petitioner concedes that his claim is time-barred. Petitioner is represented by the of the Office of the Federal Public Defender of Western North Carolina.

Petitioner pled guilty in the underlying criminal case to carjacking and possession of a firearm during and in relation to a crime of violence, and aiding and abetting the same. (3:01-cr-16, Doc. No. 33). Petitioner was sentenced as a career offender to 188 months' imprisonment for the carjacking and 120 months, consecutive, for the firearms offense, because he had at least two prior felony convictions for a crime of violence or controlled substance offense. Id. He did not appeal.

On June 26, 2015, the Supreme Court held in Johnson v. United States that the residual clause of the Armed Career Criminal Act ("ACCA") – which covered any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" – is "unconstitutionally vague." 135 S.Ct. 2551, 2557 (2015). Based on that holding the Court

1

concluded that "imposing an increased sentence under the residual clause … violates the Constitution's guarantee of due process." Id. at 2563. On April 18, 2016, the Supreme Court held in Welch v. United States, 136 S.Ct. 1257, 1265 (2016), that Johnson is retroactively applicable on collateral review to claims that the defendant was improperly sentenced as an armed career criminal.

On June 16, 2016, Petitioner filed the instant § 2255 Motion to Vacate through counsel, raising a Johnson claim. (Doc. No. 1). In the § 2255 petition, Petitioner argued that his career offender sentence is illegal under Johnson because his prior convictions no longer qualify as career offender predicates.

On September 16, 2016, the Court placed the § 2255 proceedings in abeyance pending the outcome of Beckles v. United States, Supreme Court No. 15-8455, in which the petitioner argued that his career offender sentence was erroneously enhanced by an unconstitutionally vague residual clause of U.S. Sentencing Guidelines § 4B1.2. (Doc. No. 5). On March 6, 2017, the Supreme Court held in Beckles that "the advisory Guidelines are not subject to vagueness challenges." 137 S.Ct. 886, 890 (2017). The Court reasoned that, because the guidelines are not mandatory, due process is not implicated. Beckles did not, however, resolve the question of whether Johnson's constitutional holding applies retroactively to those defendants, like Petitioner, who were sentenced before United States v. Booker, 543 U.S. 220 (2005), when the Sentencing Guidelines were mandatory rather than advisory.

On May 31, 2017, the Court granted a motion to stay these proceedings pursuant to United States v. Brown, No. 16-7056, in which the pre-Booker Sentencing Guidelines issue was pending before the Fourth Circuit. On August 21, 2017, the Fourth Circuit decided United States v. Brown, holding that Johnson does not apply to cases in which defendants were sentenced

under the pre-Booker Sentencing Guidelines. 868 F.3d 297 (4th Cir. 2017). The Fourth Circuit denied rehearing *en banc*, United States v. Brown, 891 F.3d 115 (4th Cir. 2018), and the Supreme Court denied certiorari, Brown v. United States, 2018 WL 2877128 (U.S. Oct. 15, 2018).

On November 3, 2018, Petitioner filed a Supplemental Memorandum in light of the Supreme Court's denial of certiorari in Brown. (Doc. No. 10). In the Supplemental Memorandum, Petitioner states that the parties agree that, based on the denial of certiorari, Petitioner's claim is foreclosed by Brown as untimely. As Petitioner concedes that his § 2255 petition is untimely, it will be denied and dismissed.

Finally, the Court notes that Petitioner seeks an order from the Court granting a certificate of appealability. Petitioner essentially contends that reasonable jurists would disagree over the constitutionality of the Court's denial of a motion to vacate as untimely in which a petitioner raises a Johnson claim where the petitioner was sentenced pre-Booker. The Court recognizes that Chief Judge Gregory wrote a dissent in the Fourth Circuit's Brown decision arguing that the petitioner there should be entitled to relief under Johnson and Beckles. The Court also recognizes that Justice Sotomayor wrote a dissent in the Supreme Court's decision denying the petition for certiorari in Brown, in which Justice Ginsburg joined. Nevertheless, the Court of Appeals' decision in Brown is binding. Whether this Court or other reasonable jurists may differ on whether Brown was correctly decided, it cannot reasonably be disputed that the holding of Brown is binding on this Court and on subsequent panels of the Court of Appeals.

As Brown is now settled law in this circuit, the Court declines to grant a certificate of appealability in this action. The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 366-38 (2003) (in order to satisfy § 253(c), a "petitioner

3

must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"); (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C. § 2255.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 15, 2018

Graham C. Mullen
United States District Judge